IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD LUKAS, II,<br><br>        Plaintiff,<br><br>v.<br><br>THE PRETZEL SHOP, SHAWN BOWEN & ROSEMARIE BOWEN<br>        Defendants. | Case No.<br><br><br><br><br>Filed Electronically |

# COMPLAINT

RICHARD LUKAS, II, ("Plaintiff"), by his attorney alleges as follows:

1. Plaintiff Richard Lukas, II, brings this civil action against THE PRETZEL SHOP, SHAWN BOWEN & ROSEMARIE BOWEN (collectively "Defendants").

2. Plaintiff seeks to redress discrimination on the basis of disability, including violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations, in connection with accessibility barriers at a property owned by SHAWN BOWEN & ROSEMARIE BOWEN and the business at that location operated by THE PRETZEL SHOP ("Defendants' facility").

3. Plaintiff cannot engage in the major life activity of walking; he relies on a wheel chair due to a mobility disability.

4. Plaintiff has attempted to patronize Defendants' facility, and intends to patronize Defendants' facility in the future, provided the entrance to the facility is made accessible.

5. Therefore, Plaintiff seeks a declaration that Defendants' facility violates federal law and an injunction requiring Defendants to remove the identified access barriers so that Defendants' facility is fully accessible to, and independently usable by individuals with mobility

disabilities, as required by the ADA. Plaintiff further requests that, given Defendants' failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendants come into compliance with the relevant requirements of the ADA and to ensure that Defendants adopt and follow a policy that will, in fact, cause Defendants to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

6. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

7. Defendants are required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' must remove barriers at the facility to ensure that it is readily accessible to and useable by individuals with disabilities as defined by the ADA.

8. Defendants own, operate, control and/or lease a place of public accommodation.

9. Defendants' facility is not fully accessible to, and independently usable by individuals who use wheelchairs.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

11. Plaintiff's claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

12. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

13. Plaintiff, Richard Lukas, II, is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. As a result of his disability, Plaintiff is unable to walk and relies upon a wheelchair for mobility. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

14. Defendants SHAWN BOWEN & ROSEMARIE BOWEN are individuals, and the owners of record of the property at issue in this matter. Their mailing address is listed as 3706 Churchview Ave. Ext., Pittsburgh, PA 15236.

15. Defendant THE PRETZEL SHOP is a Pennsylvania corporation with a principal place of business at 2316 E. Carson St., Pittsburgh, PA 15203. On information and belief, it operates the property at issue.

16. Defendants' property located at 2316 E. Carson St., Pittsburgh, PA 15203, Pittsburgh, PA is a public accommodation pursuant to 42 U.S.C. §12181(7)(E).

## VIOLATIONS AT ISSUE

17. Plaintiff attempted to visit Defendants' bakery located at 2316 E. Carson St., Pittsburgh, PA 15203.

18. Plaintiff observed that a step obstructed the entrance to the facility. Plaintiff was unable to locate an alternative wheelchair accessible entrance to the facility.

19. Plaintiff was unable to independently enter the facility due to the step at the entrance.

20. As a result of Defendants' non-compliance with the ADA, Plaintiff cannot independently access Defendants' facility.

21. Plaintiff lives approximately two miles from Defendants' facility. He visits this area regularly, and intends to return to Defendants' facility to shop and to ascertain whether the facility remains in violation of the ADA.

22. Unless and until Defendants remove the architectural barrier at issue, Plaintiff will be deterred from returning to Defendants' facility.

23. Without injunctive relief, Plaintiff will continue to be unable to fully and independently access Defendants' facility in violation of his rights under the ADA.

## SUBSTANTIVE VIOLATION

24. On information and belief, Defendants' have altered areas of the facility since January 26, 1992. Such alterations must be readily accessible to persons with disabilities to the maximum extent feasible. *See* 42 U.S.C.§ 12183(a)(2).

25. The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

26. The removal of the above-described barrier would be readily-achievable.

27. Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their facility.  42 U.S.C. § 12182(a).

28. Defendants have failed, and continue to fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facility.

29. Defendants have discriminated against Plaintiff in that they have failed to make their facility fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

30. Defendants' conduct is ongoing, and Plaintiff has been harmed by Defendants' conduct.

31. Given that Defendants have not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment:

a. Declaring that Defendants have violated Title III of the ADA and its implementing regulations;

b. Ordering Defendants to take all steps necessary to remove the architectural barriers described above and to bring their facility into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that their facility is fully accessible to, and independently usable by, individuals who use wheelchairs;

c. Ordering Defendants to pay the costs of this suit;

d. Ordering Defendants to pay reasonable attorneys' fees, as authorized by 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

e. Granting such other relief as this court deems just and equitable.

Dated:  November 30, 2017	Respectfully Submitted,

*/s/ Carlos R. Diaz*
Carlos R. Diaz (PA 205177)
cdiaz@smalawgroup.com
**STEWART, MURRAY & ASSOC.
LAW GROUP, LLC**
437 Grant Street, Suite 600
Pittsburgh, PA 15219
Phone:  (412) 765-3345
Fax:  (412) 765-3346
www.smalawgroup.com